UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUTHIE MICHELLE SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  11-1990 (BAH) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The *pro se* plaintiff, Ruthie Michelle Swanson, sues the Internal Revenue Service ("IRS") for allegedly deducting $18,148.04 from her Social Security payments between 2006 and 2011 to satisfy an outstanding tax bill.  Compl., ECF No. 1, at 1-3.  The United States has moved for summary judgment under Rule 56 the Federal Rules of Civil Procedure, United States Mot. for Summ. J., ECF No. 21, and the Court has construed "Plaintiff's Motion Requesting the Court to Hear Additional Facts," ECF No. 23, as her opposition to the summary judgment motion.  *See* Min. Order (June 25, 2013).  The defendant has opted not to reply.  *See* Reply in Supp. of United States' Mot. for Summ. J., ECF No. 24.  For the following reasons, the Court will grant the defendant's motion and enter judgment accordingly.

### I.  BACKGROUND

The plaintiff's tax liability arose from her individual income tax returns for the years 2002 and 2003.  *See generally* United States' Statement of Material Facts Not at Issue, ECF No. 21-1.  On June 13, 2005, the plaintiff was assessed additional taxes of $6,371 and interest and penalties totaling $2,410.69 for tax year 2002.  Def.'s Ex. 1, ECF No. 21-2 (Transcript of Ruthie

Swanson regarding 1040) (hereafter "Tr. 1"). On March 2, 2009, the plaintiff was assessed additional taxes of $2,972 and interest and penalties totaling $1,984.36 for tax year 2003. Def.'s Ex. 2, ECF No. 21-3 (hereafter "Tr. 2") at 1; *see* Compl. Attach., ECF pp. 10-11 ("Final Notice of Intent to Levy and Notice of Your Right to a Hearing" dated May 16, 2011). The plaintiff's 2003 tax bill was satisfied by offsetting her overpayment of federal income taxes for the year 2008, Tr. 2 at 2, and abating the remaining taxes, as well as the penalties and interest. *Id*. at 3-4. The IRS issued the plaintiff a refund check of $2,883.73 on November 21, 2011; it did not levy the plaintiff's Social Security payments to satisfy the 2003 tax bill. *See id*. at 4.

On December 19, 2005, the IRS purportedly "issued" a notice to the plaintiff of its "intent to levy collection" to satisfy her 2002 tax liability, and on February 27, 2006, it purportedly "mailed" a "final notice before levy on social security benefits." Tr. 1 at 2.[1] The IRS deducted money from the plaintiff's monthly Social Security payments from May 2006 to October 26, 2009, to satisfy the plaintiff's tax bill for tax year 2002. *Id*. at 2-8. The total deductions exceeded $10,200.

Meanwhile, on June 2, 2006, the Department of the Treasury's Financial Management Service addressed a letter to the plaintiff at "General Delivery Ft. Lauderdale, FL 33310," informing her about the tax levy and the fact that the Social Security Administration had deducted $238.20 of her benefit payment to apply "to a debt you owe" the IRS. Pl.'s Opp'n

---

[1] The defendant has not included the actual notices nor proffered any evidence confirming the address where those notices were sent, and the plaintiff alleges that it was not until May 2011 that she "received a tax levy from the IRS stating that I owe taxes for 2003." Compl. at 1. On the other hand, the plaintiff admits that she was in Ft. Lauderdale, Florida, in 2004 "where [she] filed [her] 2003 taxes," Compl. at 2, and where, as will be discussed next, the Department of Treasury's Financial Management Service ("FMS") sent a letter dated June 2, 2006, notifying the plaintiff about the levy against her Social Security payments. Since it is the plaintiff who placed FMS's letter in the record, and she has not claimed that she did not receive this letter in a timely manner, the Court will assume that the plaintiff did receive FMS's letter in 2006.

Attach., ECF No. 15-1 at 15.[2]  The letter further stated that "[t]he Agency has previously sent notice to you at the last [known] address.  That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds."  *Id*.  The plaintiff was informed to contact the IRS if she believed her "payment was reduced in error . . . ."  *Id*.

In August 2011, the plaintiff submitted a "Claim for Refund and Request for Abatement (IRS Form 843)" in the amount of $18,148 for tax years 2002 and 2003.  *Id*., ECF No. 15-1 at 11.  On November 4, 2011, the plaintiff filed a lawsuit in the Superior Court of the District of Columbia against the IRS and three individuals who participated in her tax proceedings, demanding $28,000 in damages.  ECF No. 15-1 at 19.  On November 10, 2011, the plaintiff filed the instant lawsuit solely against the IRS, claiming that the IRS owes her $18,148.04.  Compl. at 3.

On December 19, 2011, the IRS abated the penalty and interest amounts for tax year 2002 and issued a refund check to the plaintiff for $2,230.25.  Tr. 1 at 8-9; *see* ECF No. 15-1 at 20.  In a letter to the IRS dated December 19, 2011, the plaintiff stated that she was "refusing [the refund check] because you claim that I did not file my 2002 tax return and that is a complete lie."  ECF No. 15-1 at 18.  The plaintiff informed the IRS that she would "see you in court" and added "don't send any more hit men to my home."  *Id*. (emphases omitted).  The IRS reissued the refund check to the plaintiff on May 7, 2012, Tr. 1 at 9, which the plaintiff then accepted.

---

[2]  Since the *pro se* plaintiff has not excluded or redacted her social security number from the various places it appears in the documents attached to her opposition, and it is the Clerk's sound policy not to redact information from filings, the Court has instructed the Clerk to shield the entire attachment, ECF No. 15-1, from public viewing.  *See* LCvR 5.4(f) (Privacy Requirements).

*See* Mem. Op., ECF No. 17, at 2 (rejecting the defendant's contested argument that the case is moot because the plaintiff has now accepted the refund check).

On November 27, 2012, this Court denied the defendant's motion to dismiss after determining that the record contained no evidence to determine whether, as the defendant contends, the plaintiff has failed to exhaust her administrative remedies under the Taxpayer Bill of Rights.  *See* Mem. Op. at 2-4.  The defendant has responded with the instant summary judgment motion.

## II.  LEGAL STANDARD

Pursuant to Rule 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  To determine which facts are material, the Court looks to the substantive law on which each claim rests.  *Anderson*, 477 U.S. at 248.  The mere existence of a factual dispute does not bar summary judgment.  *See id*.  A genuine dispute is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 248.  Summary judgment is properly granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.  The burden remains on the moving party to demonstrate that there is an "absence of a genuine issue of material fact" by, for example, pointing to the absence of evidence proffered by the nonmoving party.  *Id*. at 322-23.

In ruling on a motion for summary judgment, the Court must draw all justifiable inferences in favor of the nonmoving party, and shall accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255; *Estate of Parsons*, 651 F.3d at 123; *Tao*, 27 F.3d at 638. The Court is only required to consider the materials explicitly cited by the parties, but may on its own accord consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). For a factual dispute to be "genuine," *Estate of Parsons*, 651 F.3d at 123, the nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence" in support of her position, *Anderson*, 477 U.S. at 252, and she cannot simply rely on allegations or conclusory statements, *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in her favor. *See Anderson*, 477 U.S. at 250. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).

### III.  DISCUSSION

The Court has construed the plaintiff's claim as brought under the Internal Revenue Service Restructuring and Reform Act of 1998 (hereafter "the Act"), commonly known as the Taxpayer Bill of Rights, codified in relevant part at 26 U.S.C. § 7433. Mem. Op. at 2-3 (citing cases). Section 7433 permits a civil action for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title . . . ." 26 U.S.C. § 7433(a). But a court may not award a judgment for damages without "determin[ing] that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* at § 7433(d)(1); *see* 26 C.F.R. § 301.7433-1(a) ("An action for

damages [under the Act] filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section."); *Glass v. U.S.,* 424 F. Supp. 2d 224, 227 (D.D.C. 2006) (taxpayer's "[f]ailure to comply with [exhaustion requirement] deprives the federal district court of jurisdiction") (citing *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004)).

The applicable regulation states that "[a]n administrative claim . . . shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides[,]" and the claim must include "(i) the name, [contact information], and taxpayer identification number of the [claimant]; (ii) [t]he grounds, in reasonable detail, for the claim; (iii) [a] description of the [taxpayer's] injuries; (iv) [t]he dollar amount of the claim," including any reasonably foreseeable damages; and "(v) the signature of the taxpayer." 26 C.F.R. § 301.7433-1(e)(1) and (2)). The defendant's declarant Jeffrey R. Krogh states under penalty of perjury that he searched the IRS's Integrated Collection System to determine if the plaintiff has filed an administrative claim for wrongful collection and "found no record of her having done so." Krogh Decl., ECF No. 21-4, ¶¶ 5, 6. The plaintiff has not proffered any evidence indicating that she has exhausted her administrative remedies under section 7433(d). Even if she had, it is likely that this action filed in November 2011 would be barred by the Act's two-year statute of limitations since the plaintiff knew or should have known about her claim in June 2006, at the latest. *See* n.2 *supra*; 26 C.F.R. § 301.7433-1(g)(2) ("A cause of action under [the Act] accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.").

## CONCLUSION

For the foregoing reasons, the Court finds that no genuinely disputed fact exists with regard to the plaintiff's failure to exhaust her administrative remedies under the Taxpayer Bill of Rights; therefore, the defendant is entitled to judgment as a matter of law.  A separate, final order accompanies this Memorandum Opinion.

    /s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE:  July 30, 2013